**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4022**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

    v.

LEROY AUGUSTUS LANE,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., Senior District Judge. (6:06-cr-00992-GRA-1)

Submitted: April 19, 2012          Decided: May 10, 2012

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Tillman J. Breckenridge, Alison R. W. Toepp, Margaret Sander, REED SMITH LLP, Richmond, Virginia, for Appellant. William N. Nettles, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leroy Augustus Lane appeals from the 240-month sentence imposed at his resentencing hearing, following vacation of his sentence pursuant to his 28 U.S.C. § 2255 (West Supp. 2011) motion. On appeal, Lane asserts that the district court miscalculated his Sentencing Guidelines range. Specifically, he states that the presentence report ("PSR") erroneously applied U.S. Sentencing Guidelines Manual § 4B1.1 (2010). The Government concedes error on appeal. Accordingly, we vacate Lane's sentence and remand for further proceedings.

The PSR applied USSG § 4B1.1 and assigned Lane a base offense level of 37, the base offense level for a career offender subject to a statutory maximum life sentence. However, the base offense level for a career offender subject to a statutory maximum sentence of twenty to less than twenty-five years[*] is only 32. See USSG § 4B1.1(b)(3). Accordingly, Lane's advisory Guidelines range (of 240 months) was miscalculated, and taking into account the statutory maximum, the parties agree that his range should have instead been 210-240 months. Because the parties are in agreement that the error should be corrected, we vacate Lane's sentence and remand for resentencing.

---

[*] At resentencing, it was undisputed that Lane's statutory maximum sentence was twenty years.

On remand, Lane should be appointed a different attorney from the one who represented him at his prior two sentencing hearings.  In addition, his case should be reassigned to a different district court judge.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED